**Abatement Order filed October 22, 2020.**



**In The**

# Fourteenth Court of Appeals

———————

**NO. 14-19-00841-CV**

———————

**ROBERT E. LEE, Appellant**

**V.**

**WILLIAM A. DAYA, AND THE UNIVERSITY OF TEXAS MEDICAL BRANCH/CORRECTIONAL MANAGED HEALTH CARE COMMITTEE, Appellees**

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 93910-I**

## ABATEMENT ORDER

This is an attempted appeal from an order of dismissal signed October 2, 2019. On August 6, 2020, we abated this appeal for supplementation of the clerk's record because the record before this court contained no such order. We ordered the Brazoria County District Clerk to file a supplemental clerk's record containing the Order of Dismissal signed by the trial court.

A supplemental clerk's record was filed containing the same order contained in the clerk's record. It provides:

> ORDER
>
> The action required by this notice was/was not accomplished by the required date. The case is therefore RETAINED/DISMISSED.
>
> SIGNED on  10-2-19
>
> JUDGE PRESIDING

The docket sheet states there was an order of dismissal on October 2, 2019, and on October 10, 2019, the district clerk notified appellant that an order of dismissal was signed on October 2, 2019. However, the above is the only order of that date in either the clerk's record or the supplemental clerk's record and it appears to state the case is retained, not dismissed.

The Texas Supreme Court has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be
> modified so as to be made final and may allow the modified order and
> all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so that the trial court may clarify whether the case was

retained or dismissed on October 2, 2019, and to permit the parties to obtain an appealable order, if necessary. A supplemental clerk's record containing the trial court's clarifying order(s) shall be filed with the clerk of this court on or before **November 23, 2020.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Bourliot.